IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sharda White, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 3928 |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Sharda White, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Sharda White ("White"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4. Defendant, NCO Financial Systems, Inc., is a Pennsylvania corporation ("NCO") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in 33 of the 50 states, including the State of Illinois, Defendant NCO operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. White.

5. Defendant NCO is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO conducts business in Illinois.

6. Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. White is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant NCO began calling her from phone number 800-373-7997 to demand that she pay one of her delinquent consumer debts, Ms. White sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

8. On or about March 11 or 12, 2010, one of the paralegals at LASPD called

NCO and informed one of NCO's debt collectors, "Taylor", that Ms. White was represented by counsel and would not be paying the debt at issue.  Moreover, on March 12, 2010, one of Ms. White's attorneys at LASPD confirmed, in writing, that Ms. White was represented by counsel, and directed NCO to cease contacting her, and to cease all further collection activities because Ms. White was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, thereafter, Defendant NCO continued to call Ms. White on a nearly daily basis, in an attempt to collect the debt she allegedly owed, including, but not limited to, a telephone call on March 30, 2010.

10. Accordingly, on March 31, 2010, Ms. White's LASPD attorney had to send Defendant NCO another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

3

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.	Here, the letter from Ms. White's attorney, LASPD, told Defendant NCO to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

16.	Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.	Plaintiff adopts and realleges ¶¶ 1-12.

18.	Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.	Defendant NCO knew that Ms. White was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, both orally and in writing (Exhibit C), that she was represented by counsel, and had directed Defendant NCO to cease directly communicating with Ms. White.  By directly calling Ms. White, despite being advised that she was represented by counsel, Defendant NCO violated § 1692c(a)(2) of the FDCPA.

20.	Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Sharda White, prays that this Court:

1. Find that Defendant NCO's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff White, and against Defendant NCO, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sharda White, demands trial by jury.

Sharda White,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 24, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5